REGAN, Judge.
Plaintiff, Gus Pailet, instituted this suit against the defendant, Edward Levy Metals, Inc., endeavoring to recover $1,715.14, representing the sale price of a truckload of scrap metal that plaintiff delivered to defendant on December 20, 1956 and for which he was never paid.
Defendant answered and admitted receiving the materials but denied that plaintiff was the vendor, thereby denying the indebtedness.
From a judgment in favor of plaintiff as prayed for, defendant has prosecuted this appeal.
The record reveals that Nathan Lomm, plaintiff’s father-in-law, who acted as plaintiff’s agent, negotiated for the sale of-scrap metal to Edward Levy, president of the defendant’s corporation. The material was delivered in a truck owned by Commercial Scrap Material Company, a corporation in which plaintiff owns 70% of the stock, the other 30% being held or owned by plaintiff’s wife and his mother-in-law. A carbon copy of the dray receipt was introduced in evidence, on the heading of which is inscribed in handwriting the name of plaintiff, Gus Pailet. The receipt, acknowledging delivery of the material, was signed by Ernest Banks, warehouse foreman for defendant.
*540 Shortly after delivery of the foregoing scrap material, defendant issued a credit memorandum to Commercial Scrap Material Company for the purchase price thereof but this company returned the credit memorandum and denied it had shipped the metal. Defendant has never offered to return the scrap to plaintiff nor did it tender payment.
Defendant was primarily interested in establishing as a fact that the vendor was Commercial Scrap Material Company rather than plaintiff so that it could set off the amount due on this shipment against an account owned by that company to the defendant; however, nowhere on the dray receipt did the company’s name appear, nor would the company subsequent to the delivery accept a credit memorandum. Defendant’s clerk denied that Gus Pailet’s name was on the dray receipt at the time of delivery and that a copy of the receipt was received by the defendant.
Plaintiff and Joseph Joshua, an employee of the Commercial Scrap Material Company, both conversely asserted that the. dray receipt was delivered in duplicate and the name of Gus Pallet was inscribed on the receipt when it was signed by Ernest Banks, defendant’s warehouse foreman who acknowledged delivery of the scrap material.
The only question posed for the trial court’s consideration was one of fact and the judge thereof obviously concluded that the evidence preponderated to the effect that Gus Pailet was the vendor.
The question which this appeal has posed for our consideration is whether that finding of the trial judge is so erroneous and unsupported by the evidence as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the foregoing testimony or by endeavoring to reconcile the respective litigants’ versions of the transaction. The trial court.accepted the plaintiff’s version thereof and our analysis of the record convinces us that the evidence preponderates in his favor and the judgment is, therefore, correct.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.
JANVIER, J., absent, takes no part.